B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> SCOTT M. SEIDEL, TRUSTEE | **DEFENDANTS** <br> BOSTON SCIENTIFIC CORPORATION |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> DAVOR RUKAVINA <br> MUNSCH HARDT KOPF & HARR, P.C. <br> 500 N. AKARD STREET, DALLAS, TEXAS 75201 <br> TELEPHONE: 214-855-7500 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor ☐ Other <br> ☒ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor ☒ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

AVOIDANCE OF PREFERENCE PAYMENTS UNDER 11 U.S.C. § 547; RECOVERY OF PREFERENCE PAYMENTS UNDER 11 U.S.C. § 550; AND DISALLOWANCE OF CLAIM UNDER 11 U.S.C. § 502(D).

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief -- other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ $416,716.57 |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>WALNUT HILL PHYSICIANS' HOSPITAL, LLC || BANKRUPTCY CASE NO. | 17-32255-BJH-7 |
| DISTRICT IN WHICH CASE IS PENDING<br>NORTHERN DISTRICT OF TEXAS || DIVISION OFFICE<br>DALLAS | NAME OF JUDGE<br>BARBARA J. HOUSER |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*Aynsley Young* (signature) ||||
| DATE<br>6/25/2018 || PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>AYNSLEY YOUNG ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
Aynsley K. Young, Esq.
Texas Bar No. 24102674
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

ATTORNEYS FOR SCOTT M. SEIDEL, TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| WALNUT HILL PHYSICIANS HOSPITAL, LLC, | § § § | Case No. 17-32255-bjh-7 |
| | § | |
| Debtor. | § | |
| | § | |
| SCOTT M. SEIDEL, TRUSTEE, | § § | ADV. PRO. NO. _____ |
| | § | |
| Plaintiff, | § § | |
| | § | |
| vs. | § § | |
| | § | |
| BOSTON SCIENTIFIC CORPORATION, | § § § | |
| | § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE BARBARA J. HOUSER, CHIEF U.S. BANKRUPTCY JUDGE:

COMES NOW Scott M. Seidel, the duly-appointed chapter 7 trustee (the "Trustee") for the estate (the "Estate") of Walnut Hill Physicians Hospital, LLC (the "Debtor"), the debtor in the above styled and numbered Chapter 7 bankruptcy case (the "Bankruptcy Case"), and files his

Original Complaint (this "Complaint") against Boston Scientific Corporation ("Defendant"), and for cause and action would respectfully show as follows:

## I. JURISDICTION

1. This Court has subject matter jurisdiction over the Bankruptcy Case and this Adversary Proceeding pursuant to 28 U.S.C. § 1334.

2. This Adversary Proceeding constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2). To the extent that any matter herein is non-core, the Trustee hereby consents to the Court's entry of a final judgment resolving this Adversary Proceeding.

3. Venue of the Adversary Proceeding in this District is proper pursuant to 28 U.S.C. § 1409.

## II. PARTIES

4. The Trustee is the duly appointed Chapter 7 trustee of the Estate.

5. Boston Scientific Corporation, a Delaware corporation, is a Defendant herein and may be served with process pursuant to Fed. R. Bankr. P. 7004(b) by mailing a copy of this Complaint and the duly-issued Summons in this Adversary Proceeding, via U.S. first class mail, postage prepaid, to Boston Scientific Corporation's registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218. Boston Scientific Corporation, may also be served with process pursuant to Fed. R. Bankr. P. 7004(b) by mailing a copy of this Complaint and the duly-issued Summons in this Adversary Proceeding, via U.S. first class mail, postage prepaid, to Boston Scientific Corporation's registered agent, Corporation Service Company, at 251 Little Falls Drive, Wilmington, Delaware, 19808.

6. Pursuant to agreement between counsel, Boston Scientific Corporation has agreed to service of process in this Adversary Proceeding by and though its counsel as follows: Boston Scientific Corporation, c/o Stephen Mertz, Esq., Faegre Baker Daniels LLP, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402-3901, Stephen.mertz@FaegreBD.com.

### III. FACTUAL BACKGROUND

7. The Debtor filed its voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on June 6, 2017 (the "Petition Date"), thereby initiating this Bankruptcy Case and creating the Estate.

8. Prior to the Petition Date, the Debtor operated a short term acute care hospital.

9. Prior to the Petition Date, the Debtor transacted business with the Defendant, pursuant to which the Defendant provided goods and/or services to the Debtor.

10. Within ninety (90) days of the Petition Date, the Debtor transferred the following wire payments to Defendant (collectively, the "Preferential Payments"):

| DATE | CHECK NO. | AMOUNT |
|---|---|---|
| 3/8/2017 | 8319 | $51,408.00 |
| 3/17/2017 | 8372 | $62,508.00 |
| 3/24/2017 | 8425 | $50,108.00 |
| 3/30/2017 | 8459 | $46,183.00 |
| 4/14/2017 | 8478 | $65,356.00 |
| 4/20/2017 | 8522 | $42,868.35 |
| 5/5/2017 | 8572 | $55,427.22 |
| 5/12/2017 | 8569 | $42,858.00 |
|  | Total: | $416,716.57 |

### IV. CAUSES OF ACTION

*Count 1: Avoidance of Preferential Payments*
*[11 U.S.C. § 547]*

11. The Trustee incorporates herein for all intents and purposes paragraphs 1 through 9 above as if fully recited here.

12. One or more Preferential Payments:

   a. were made from property of the Debtor;

   b. were made to or for the benefit of Defendant;

   c. were for or on account of an antecedent debt owed by the Debtor to Defendant before the Preferential Payments were made;

   d. were made while the Debtor was insolvent; and

   e. enabled Defendant to receive more than what Defendant would receive in this Bankruptcy Case, if: (1) the Bankruptcy Case was a case under Chapter 7 of the Bankruptcy Code; (2) the Preferential Payments had not been made; and (3) Defendant instead received payment of the debt associated with the Preferential Payments to the extent provided by applicable provisions of the Bankruptcy Code.

13. Based upon the foregoing, and pursuant to Section 547(b) of the Bankruptcy Code, the Trustee hereby sues Defendant for avoidance of the Preferential Payments.

### *Count 2:  Recovery of Preferential Payments or Value of Such Payments*
### *[11 U.S.C. § 550]*

14. Trustee incorporates herein for all intents and purposes paragraphs 1 through 12 above as if fully recited here.

15. Defendant was the initial transferee of the Preferential Payments or the entity for whose benefit the Preferential Payments were made.

16. In the alternative, Defendant was the immediate or mediate transferee of the initial transferee of the Preferential Payments.

17. Pursuant to Section 550(a) of the Bankruptcy Code, the Trustee hereby sues Defendant for recovery of the Preferential Payments or the full value of same, for the benefit of the Estate.

### *Count 3:  Objection to Claim*
### *[11 U.S.C. § 502]*

18. The Trustee incorporates herein for all intents and purposes paragraphs 1 through 16 above as if fully recited here.

19. Defendant holds a filed claim, Number 293-1, in the alleged amount of $1,569,280.70 against the Debtor ("<u>Defendant's Claim</u>").  Through the Defendant's Claim, Defendant asserts an unsecured claim in the amount of $1,569,280.70, of which the Defendant alleges $109,558.00 is entitled to priority under 11 U.S.C. § 507(a)(2) and 11 U.S.C. § 503(b)(9).

20. Pursuant to Section 502(d) of the Bankruptcy Code, the Trustee is entitled to disallow Defendant's Claim for all purposes unless and until Defendant pays to the Trustee its liabilities pled herein and arising pursuant to sections 547, 549, and 550 of the Bankruptcy Code.

### V.    **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Scott M. Seidel, in his capacity as the Trustee, respectfully requests the Court to enter judgment against the Defendant on account of each of the claims and causes asserted herein, and specifically and expressly providing the following relief to the Trustee for the benefit of the Estate:

a. The avoidance of the Preferential Payments to Defendant pursuant to 11 U.S.C. § 547(b);

b. The Trustee's recovery of the Preferential Payments from Defendant, by way of money judgment, totaling $416,716.57;

c. Disallowance of Defendant's Claim;

d. The Trustee's recovery from the Defendant of pre- and post-judgment interest, at the highest level permitted by law, on all amounts awarded to the Trustee;

e. The Trustee's recovery from the Defendant of all costs and attorney's fees incurred in connection with the prosecution of this Adversary Proceeding; and

    f.  All such other and further relief as to which Trustee may be justly entitled in law or in equity.

Respectfully submitted,

By: */s/ Aynsley K. Young*
    Davor Rukavina, Esq.
    Texas Bar No. 24030781
    Thomas D. Berghman, Esq.
    Texas Bar No. 24082683
    Aynsley K. Young, Esq.
    Texas Bar No. 24102674
    MUNSCH HARDT KOPF & HARR, P.C.
    500 N. Akard Street
    Dallas, Texas 75201-6659
    Telephone: (214) 855-7500
    Facsimile: (214) 855-7584

**ATTORNEYS FOR
SCOTT M. SEIDEL, TRUSTEE**