Kristen L. Perry (State Bar No. 24090015)
**DRINKER BIDDLE & REATH LLP**
1717 Main Street, Ste. 5400
Dallas, TX 75201-7367
Telephone (469) 357-2548
Facsimile (469) 327-0860
E-mail:  Kristen.Perry@dbr.com

Stephen M. Mertz (admitted *pro hac vice*)
Jane E. Maschka (admitted *pro hac vice*)
**FAEGRE BAKER DANIELS LLP**
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone (612) 766-7000
Facsimile (612) 766-1600

*Attorneys for Boston Scientific Corporation*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § § | Chapter 7 |
| Walnut Hill Physicians Hospital, LLC, | § § | Case No. 17-32255-bjh-7 |
| Debtor. | § § | |
| _____ | § § | |
| Scott M. Seidel, Trustee, | § § | |
| Plaintiff, | § § | |
| vs. | § § | Adversary No. 18-03217-bjh |
| Boston Scientific Corporation, | § § | |
| Defendant. | § § | |

**BOSTON SCIENTIFIC CORPORATION'S MOTION FOR
<u>ENLARGEMENT OF TIME TO TREAT AMENDED ANSWER AS TIMELY FILED</u>**

US.123327428.02

Boston Scientific Corporation ("BSC"), by and through its undersigned counsel, hereby files this *Motion for Enlargement of Time to Treat Amended Answer as Timely Filed* in the above-captioned proceeding.

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005 and Local Rule 1070-1. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This Motion arises under Fed. R. Bankr. P. 9006(b).

## BACKGROUND

3. On June 6, 2017 (the "Petition Date"), Debtor Walnut Hill Physicians Hospital, LLC ("Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in this Court.

4. Scott M. Seidel was appointed chapter 7 trustee (the "Trustee") for the estate of the Debtor.

5. On June 25, 2018, the Trustee commenced the above-captioned proceeding against BSC by filing a complaint (the "Original Complaint"), and on June 26, 2018 a summons was issued to BSC.

6. On September 9, 2018, the *Application of Boston Scientific Corporation for Allowance of a Priority Administrative Expense Claim Pursuant to Bankruptcy Code Sections 503(b)(9) and 502(a)(2) Expense Claim* (the "Application") [Docket No. 284] filed by BSC, and the Trustee's objection thereto [Docket No. 341], and all matters related thereto or stemming therefrom (collectively, the "Administrative Claim") were consolidated with and into this adversary proceeding.

7. On September 27, 2018, BSC filed is Answer and Affirmative Defenses to the Trustee's Original Complaint (the "Original Answer").

8. On January 23, 2019, the Trustee filed his *Motion for Leave to Amend the Trustee's Original Complaint* ("Motion for Leave"), which was not objected to by BSC.

9. The Motion for Leave was granted by an order entered on January 25, 2019.

10. On January 28, 2019, the Trustee filed an Amended Complaint [Dkt. No. 31]. Based on that filing BSC's answer to the Amended Complaint was due on February 11, 2019.

11. As admitted by the Trustee, the Amended Complaint is not substantively different in its causes of action than the Original Complaint and "does not allege any new theories or causes of action, but merely identifies additional transfers allegedly made by the Debtor to the Defendant." [*See* Dkt. No. 28 at ¶¶ 8-9]. Indeed, the Amended Complaint only includes allegations as to fifteen additional transfers that the Trustee claimed were received by BSC via wire transfer during the 90-days before the Petition Date (the "Additional Transfers"). [*See id.*].

12. On March 1, 2019, the docket reflects that an "Agreed Motion to continue hearing on the Amended complaint" was filed by the Trustee, which sought a revised scheduling order and to continue the trial date. [Dkt. No. 32].

13. On March 7, 2019, the parties mediated their disputes in this adversary proceeding and with respect to the Administrative Claim. Before the March 7 mediation, BSC made its positions as to the Trustee's claims clear – BSC admitted receipt of two of the Additional Transfers but denied the receipt of thirteen of the Additional Transfers. BSC asserted the affirmative defense of "new value" to all alleged transfers. On March 7, the parties filed an Agreed Scheduling Order, which did not address the filing of an Amended Answer. [Dkt. No. 33].

14. On May 1, 2019, after weeks of discussion and negotiation, BSC and the Trustee filed Joint Stipulations as to the facts at issue in this adversary proceeding (the "Joint

Stipulations"). [Dkt. No. 35]. In the Joint Stipulations, BSC specifically noted which allegations in the Amended Complaint were disputed and which were admitted. The transfers BSC disputed receiving are referred to in the Joint Stipulations as "Disputed Transfers". [*Id.*].

15.     After the parties filed the Joint Stipulations, third-party Capital One, N.A. produced Walnut Hill bank records in response to separate subpoenas by both parties seeking information regarding the Disputed Transfers ("Capital One Production"). The Capital One Production established that the Disputed Transfers did not go to Boston Scientific but instead went to other, unrelated third parties. As a result of the Capital One Production, Trustee's counsel agreed on May 8, 2019, that the Disputed Transfers had not been made to BSC, and that the parties would no longer need to contest those transfers. [See Declaration of Jane Maschka dated May 31, 2019 ("Maschka Aff."), ¶ 4 attached Ex. A]. The parties discussed, and agreed, to filing an amended Joint Stipulation reflecting that the Trustee withdrew his allegations regarding the Disputed Transfers. [*Id.*].

16.     Since mediation and continuing to the present, the parties have been engaged in discussions, including in coordination with the Court, to further continue the trial date in this proceeding. [Maschka Aff. ¶ 4]

17.     BSC also has been responding to the Trustee's discovery requests since 2018. Most recently, after the parties filed the Joint Stipulations, BSC produced additional documents responsive to the Trustee's requests on May 3, 2019, and supplemented responses to the Trustee's interrogatories on May 7, 2019. [Maschka Aff. ¶ 4].

18.     Notwithstanding that the parties' counsel have spoken on numerous occasions during the foregoing, at no point did the Trustee suggest to BSC or its counsel that the Trustee

4

would file a request for entry of default if BSC did not file a responsive pleading to the Trustee's Amended Complaint. [Maschka Aff. ¶ 5].

19. On May 31, 2019, the Trustee filed a Request for Clerk's Entry of Default Against BSC, seeking entry of a default under Rule 7055, based on BSC not having filed a responsive pleading to the Amended Complaint with the Court in the adversary proceeding on February 11, 2019 (the "Default Request"). [Dkt. No. 39].

20. On May 31, 2019, and within one hour of the filing of the Default Request, BSC filed its Answer an Affirmative Defenses to the Amended Complaint (the "Amended Answer"). [Dkt. No. 40]. Counsel for BSC also contacted the Trustee's counsel.

21. On the same day as the Default Request and Amended Answer were filed, BSC now submits this Motion. The Trustee objects to this Motion.

## ARGUMENT AND AUTHORITIES

22. Counsel for BSC acknowledges that due to an administrative oversight it did not file the Amended Answer until earlier today. [Maschka Aff. ¶ 7]. However, that mistake was the result of excusable neglect and has not prejudiced the Trustee. Consequently, BSC requests that under these circumstances the Amended Answer should be treated as timely filed.

23. Bankruptcy Rule 9006(b)(1) authorizes this Court to permit BSC's Amended Answer, filed today, May 31, 2019, to be treated as timely filed "where the failure to act was the result of excusable neglect." In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), the Supreme Court explained that the determination of whether neglect is "excusable" under Bankruptcy Rule 9006(b)(1) "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395.

5

24. The Supreme Court identified four factors to examine in deciding whether a party has committed excusable neglect: (1) the danger of prejudice to the debtor; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the moving party is acting in good faith. *Id.*; *see also Midland Cogeneration Venture Ltd. v. Enron Corp. (In re Enron Corp.)*, 419 F.3d 115, 122 (2d Cir. 2005) (citing *Pioneer*, 507 U.S. at 395). However, the *Pioneer* factors are not exhaustive. The ultimate "determination of whether neglect is 'excusable' is an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* (quoting *Pioneer*, 507 U.S. at 395).

25. In *Pioneer*, the Supreme Court held that it was an abuse of discretion *not* to find excusable neglect where an experienced bankruptcy attorney failed to file a timely proof of claim after receiving an ambiguous notice of the claims bar date. *Pioneer*, 507 U.S. at 398-99. Similarly, after applying the *Pioneer* factors, the Ninth Circuit found excusable neglect where a "sophisticated law firm, with . . . a sophisticated system to determine and calendar filing deadlines" failed to file a notice of appeal within the 30-day time period under the Federal Rules of Appellate Procedure. *See Pincay v. Andrews*, 389 F.3d 853, 854, 860 (9th Cir. 2004).

26. Here, taking into account all relevant circumstances, equity requires that BSC's Amended Answer be treated as timely filed.

27. The Trustee and the Debtor have suffered no prejudice as a result of BSC not filing its Amended Answer earlier in these proceedings. The Amended Complaint simply added allegations regarding transfers, and BSC timely notified the Trustee which of the Additional Transfers it admitted receiving and which transfers BSC disputed. BSC's Original Answer addressed all other allegations. There can be no prejudice where the parties have understood

BSC's position all along in regard to the challenged transfers and where BSC has been actively litigating this case since its inception.

28. Nor has BSC's delay in filing its Amended Answer impacted these proceedings. As evidenced by BSC's discovery responses, Joint Stipulations and Agreed Scheduling Order, the parties have continued to litigate as if the Amended Answer had been timely filed.

29. BSC's counsel made an administrative error by failing to get the Amended Answer on File in February, and did not realize the issue until receiving the Default Notice. [Maschka Aff. ¶ 7]. This was admittedly within BSC's counsel's control and an unfortunate oversight. [*Id.*]. Still, BSC had already filed one its substantive Original Answer in the case, and the failure to file a second, largely identical, Amended Answer in the context of an upcoming mediation and active discussions with opposing counsel did not harm the Trustee or change the course of the litigation in any manner.

30. BSC is acting in good faith. As soon as the error was brought to BSC's attention on May 31, 2019, it promptly (within one hour) filed the Amended Answer. By contrast, the Trustee filed the Default Request without first discussing the issue with BSC's counsel, and without informing the Court that: (1) the Trustee has agreed to withdraw the Disputed Transfers alleged in the Amended Complaint; (2) as recently as ten days before filing the Default Request, the parties discussed filing an amended joint stipulation of facts; and (3) BSC has been actively litigating this case, and to this point, the parties' counsel have worked amicably in resolving discovery disputes and filing joint stipulations and scheduling materials. [Maschka Aff. ¶¶ 3-7].

**PRAYER FOR RELIEF**

31. Pursuant to Federal Rule of Bankruptcy Procedure 9006(b), BSC respectfully requests that the Court (i) grant this Motion; (ii) treat the Amended Complaint filed on May 31, 2019, as timely filed; and (iii) granting BSC such other and further relief to it is entitled.

Dated: May 31, 2019    Respectfully submitted,

By: /s/    *Jane E. Maschka*
Kristen Perry
Texas Bar No. 24090015
DRINKER BIDDLE & REATH LLP
1717 Main Street, Suite 5400
Dallas, TX  75201
Telephone:  469-357-2548
Email:  kristen.perry@dbr.com

Jane E. Maschka
Stephen M. Mertz
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
Telephone: +1 612 766 7000
Email: Stephen.Mertz@FaegreBD.com
      Jane.Maschka@FaegreBD.com

*Attorneys for Boston Scientific Corporation*

US.123327428.02

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re:<br><br>Walnut Hill Physicians Hospital, LLC,<br><br>　　　　　Debtor.<br>_____<br><br>Scott M. Seidel, Trustee,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Boston Scientific Corporation,<br><br>　　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Chapter 7<br><br>Case No. 17-32255-bjh-7<br><br><br><br><br><br><br><br>Adversary No. 18-03217-bjh |

**CERTIFICATE OF CONFERENCE**

　　　　The undersigned counsel for Defendant Boston Scientific Corporation hereby certify that on May 31, 2019, she conferred with counsel for Plaintiff Scott M. Seidel, solely in his capacity as Chapter 7 Trustee for the estate of Debtor Walnut Hill Physicians Hospital, LLC, regarding the foregoing *Boston Scientific Corporation's Motion for Enlargement of Time to Treat Amended Answer as Timely Filed* (the "Motion"). For the reasons set out in the Motion, the parties were unable to agree on an extension of time for Defendant to respond to Plaintiff's Amended Complaint in this adversary proceeding. The Trustee opposes the relief requested in the Motion.

Dated:  May 31, 2019　　　　　　　　　　FAEGRE BAKER DANIELS LLP

　　　　　　　　　　　　　　　　　　　　　　　/s/　　Jane E. Maschka　　　　　　

　　　　　　　　　　　　　　　　　　　　　Jane E. Maschka
　　　　　　　　　　　　　　　　　　　　　FAEGRE BAKER DANIELS LLP
　　　　　　　　　　　　　　　　　　　　　2200 Wells Fargo Center
　　　　　　　　　　　　　　　　　　　　　90 South Seventh Street
　　　　　　　　　　　　　　　　　　　　　Minneapolis, MN  55402-3901
　　　　　　　　　　　　　　　　　　　　　Telephone: +1 612 766 7000
　　　　　　　　　　　　　　　　　　　　　Email: Jane.Maschka@FaegreBD.com

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 7 |
| Walnut Hill Physicians Hospital, LLC, | § § | Case No. 17-32255-bjh-7 |
| Debtor. | § § § | |
| Scott M. Seidel, Trustee, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Adversary No. 18-03217-bjh |
| Boston Scientific Corporation, | § § § | |
| Defendant. | § | |

## CERTIFICATE OF SERVICE

I, Jane E Maschka, declare that on May 31, 2019, the foregoing *Boston Scientific Corporation's Motion for Enlargement of Time to Treat Amended Answer as Timely Filed* and related *Declaration of Jane E. Maschka* was served via the CM/ECF System for the Bankruptcy Court in the Northern District of Texas, Dallas Division, upon counsel for the Plaintiff and all parties who have requested service in the above-captioned adversary proceeding.

Dated:  May 31, 2019       FAEGRE BAKER DANIELS LLP

　　　　　　　　　　　　　　　　　　　　　　　/s/    Jane E. Maschka

　　　　　　　　　　　　　　　　　　Jane E. Maschka
　　　　　　　　　　　　　　　　　　FAEGRE BAKER DANIELS LLP
　　　　　　　　　　　　　　　　　　2200 Wells Fargo Center
　　　　　　　　　　　　　　　　　　90 South Seventh Street
　　　　　　　　　　　　　　　　　　Minneapolis, MN  55402-3901
　　　　　　　　　　　　　　　　　　Telephone: +1 612 766 7000
　　　　　　　　　　　　　　　　　　　Email: Jane.Maschka@FaegreBD.com